clared that the application for a writ of certiorari to cure defects in the record will not be awarded unless the application contains a certified copy of the part of the record sought to be inserted.

The motion for certiorari is denied, and the motion for rehearing is overruled.

## POPE v. STATE.
### No. 16799.

Court of Criminal Appeals of Texas.
May 30, 1934.

Otto H. Atchley, of New Boston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is murder; the punishment, confinement in the penitentiary for five years.

Appellant and Dick Blocker, deceased, had had a difficulty in which it appears that Blocker had gotten the best of appellant. Some time after this difficulty, appellant struck Blocker with a piece of wood and inflicted a wound on his head, which resulted in his death. Appellant testified that he hit deceased because he was angry with him for having previously whipped him. He testified, further, that he had no intention to kill deceased.

Appellant timely and properly excepted to the charge of the court for its failure to submit an affirmative instruction to the jury to acquit him of murder if the jury entertained a reasonable doubt as to whether he intended to kill deceased. The weapon used by appellant was a stick of wood about two feet long. Under the decisions of this court, it was not per se a deadly weapon. Briscoe v. State (Tex. Cr. App.) 56 S.W.(2d) 458, and authorities cited. The weapon not being a deadly one per se, and appellant having testified, in effect, that he had no intention of killing deceased, but merely struck him for the purpose of punishing him for the whipping deceased had given him, the court should have affirmatively instructed the jury to acquit appellant of murder if they entertained a reasonable doubt as to whether he intended to kill deceased. Briscoe v. State, supra.

The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## BROOKS v. STATE.
### No. 16885.

Court of Criminal Appeals of Texas.
June 6, 1934.

J. A. Bulloch and Alex P. Pope, both of Tyler, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is robbery; the punishment, confinement in the penitentiary for five years.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

the Indeterminate Sentence Law as set forth in article 775, C. C. P. 1925. The judgment and sentence will be reformed in that particular so as to declare that the appellant shall be confined in the penitentiary for a period of not less than two, nor more than fifteen, years.

As reformed, the judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## HENDERSON v. STATE.
### No. 16884.

Court of Criminal Appeals of Texas.
June 6, 1934.

A. J. Ruthers Von R., of Tyler, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of murder, and his punishment assessed at confinement in the state penitentiary for a term of 15 years.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment and sentence are improperly entered, in that they fail to take note of

## McWYNN v. STATE.
### No. 16889.

Court of Criminal Appeals of Texas.
June 6, 1934.

Alex P. Pope, of Tyler, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is robbery; the punishment, confinement in the penitentiary for five years.

The record is before us without a statement of facts or bills of exception. No question is presented for review.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.